UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERMAINE ANDRE DAWKINS,

                Plaintiff,

           -against-

JAMES NEWMAN LAW, PC,

                Defendant.

20-CV-2671 (CM)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION AND PRISONER AUTHORIZATION

COLLEEN McMAHON, Chief United States District Judge:

       Plaintiff brings this action *pro se*. He is currently hospitalized at Bellevue Hospital, but it is unclear if he faces pending criminal charges.[1] If Plaintiff is detained pursuant to pending criminal charges, he is deemed a prisoner under 28 U.S.C. § 1915(h),[2] and is subject to the filing fee provisions of the Prison Litigation Reform Act (PLRA). *See* 28 U.S.C. §§ 1914, 1915.

       To proceed with a civil action in this Court, a prisoner must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the PLRA requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court to withdraw these

---

    [1] The New York City Department of Correction's inmate locator indicates that on March 5, 2020, Plaintiff was released to a state hospital. Plaintiff, who is now Bellevue, provides his booking and case number.

    [2] Section 1915(h) defines "prisoner" for the purposes of the *in forma pauperis* statute to mean "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[3] from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

Plaintiff submitted the complaint without the filing fees or a completed IFP application and prisoner authorization. If Plaintiff is a prisoner facing pending criminal charges, within thirty days of the date of this order, he must either pay the $400.00 in fees or submit the attached IFP application and prisoner authorization forms. If Plaintiff submits the IFP application and prisoner authorization, they should be labeled with docket number 20-CV-2671 (CM).[4] If Plaintiff is not facing pending criminal charges, and therefore not a prisoner, he should indicate this and must submit only the IFP application.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

---

[3] The $50.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

[4] Plaintiff is cautioned that if a prisoner files a federal civil action that is dismissed as frivolous, malicious, or for failure to state a claim, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file actions *in forma pauperis* as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fee at the time of filing any new action.

SO ORDERED.

Dated: March 31, 2020
       New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge